McKinney, J.
delivered the opinion of the court.
At the August term, 1846, of the chancery court, at Carthage, an interlocutory decree was made in this cause, directing a sale, by the clerk and master, of a tract of land described in the bill, containing two hundred and twenty-two and a-half acres, upon the ground that partition thereof could not be made among the several joint owners, being fifteen in number, without manifest prejudice to the interests _of all concerned. Pursuant to said decree, the clerk and master, on the I Oth day of October, 1846, proceeded to sell said land on a credit of one and two years; and the defendant, Henry B. McDonald, became the purchaser, at the price of five hundred dollars, for which he executed his notes with security, as required by the decree.
*276 At the February term following, viz, on the 8th day of February, 1847, said sale was confirmed, and, a decree made vesting the title in said McDonald. On a subsequent day of the same term, viz, on the 10th day of February, an application was made to the chancellor to open the biddings, by Wyatt W. Bailey, one of the tenants in common, and owners of said land, supported by affidavit, in which he stated that he had no information of the time of the sale of said land, and, therefore, was not present; that one of the persons interested in said land would have given one thousand dollars for said tract, but was prevented, by sickness, from attending the sale; and that it was worth at least one thousand dollars; and offered to advance fifty per cent, upon the sum for which the land was sold to McDonald, making the sum of seven hundred and fifty dollars. Whereupon it was decreed by the chancellor, that the previous order confirming the sale, and vesting the title to said land in the defendant, McDonald, should be rescinded and set aside; and that upon said Bailey executing notes with sufficient security for the sum of seven' hundred and fifty dollars, the biddings should be opened, and said land again offered for sale by the clerk and master on the terms prescribed in the decretal order, except that the bidding should be opened at the minimum price of seven hundred and fifty dollars. The terms of this order having been complied with by said Bailey, a resale of the land took place, at which Bailey and another, jointly, became the purchasers thereof at the price of seven hundred and fifty dollars. The latter sale was made on the 30th day of June, 1848; and at the following August term of said court, the sale was confirmed, and *277 a decree made vesting the title in said last named purchasers.
The cause is brought to this court by the defendant, McDonald, who alleges that the chancellor erred in setting aside the first sale, and opening the biddings; that the ground of the application was wholly insufficient to authorise his doing so, more especially after confirmation of the master’s report of sale.
It is material to state in addition, that the defendant, McDonald, was a party defendant to the suit in his own right, as part owner of the land; and what is of more importance to the question under consideration, he was likewise a defendant in the character of guardian ad litem' to several minors, who were interested as part owners thereof.
In looking into the authorities upon this subject, it will be seen that there is an important distinction taken in respect to the time of making an application to open the biddings, whether before, or after confirmation of the master’s report of sale.
There seems to be no doubt that, before confirmation of the sale, mere advance of price is sufficient to open the biddings; and this will be done on the application of any one interested in the estate, or the produce thereof, offering such advanced price as the court may deem sufficient to justify a re-sale; and the biddings may be opened more than once, upon proper cause shown. 2 Daniell’s Ch. Pr., 1466.
But, after the master’s report of sale has been confirmed absolutely, there is some conflict of authority as to whether increase of price alone, however large, is a sufficient ground to open the biddings, although ii is a *278 strong auxiliary argument where there are other grounds. 1 Sugd. on Vend., 67.
It is held by some of the authorities that, “very particular circumstances may, perhaps, induce the court to open the biddings, after the confirmation of the report, if the advance be considerable.” 2 Daniell’s Pr., 1470; 2 Ves. Jr., 51. But, in the case of Maurice vs. The Bishop of Durham, Lord Eldon held that, after a purchaser has confirmed his report, unless some particular principle arises out of his character, as connected with the ownership of the estate; or some trust or confidence; or his own conduct in obtaining his report, the bidding ought not to be opened. 11 Ves., 57; 14 Ves., 151; 1 Sch. and Lef., 350. In the case of Owen vs. Owen, 5 Hum., 356, it was said by this court, that the circumstances which would justify the chancellor in opening the biddings must be left in a great degree to his discretion; and this court should be slow to control that discretion, unless the case presented a very palpable error in the exercise of it.
And in the case of Donaldson vs. Young and Coker, 7 Hum., 266, this court held, that an application to open the biddings, where the sale had taken place, pursuant to the act of 1827, ch. 54., at the instance of the joint owners, in order to a division and distribution of their estate, stood upon very different ground from ordinary sales in chancery, in suits between ordinary parties. The application will be entertained, in the former class of cases, upon grounds that would not be recognized as sufficient in the latter.
Applying these principles, then, to the case under consideration, and putting it alone upon the ground presented in the affidavit of Bailey, as the chancellor *279 did. we are not prepared to hold that the chancellor erred in the exercise of his discretion. How it might be considered, in the case of an ordinary chancery sale, made in a suit between parties litigant, is a question upon which no opinion need be expressed in this case. But the stronger and more conclusive argument for opening the bidding in the present case, and in respect to which there is no diversity of opinion in the books, is, the relation that McDonald stood in to other parties in the cause, equally interested in the ..proceeds of the sale with himself. If it were conceded that he might avail himself of the advantage, accidentally gained, and so greatly to the prejudice of the other parties in interest, as against the adult parties; yet, this could not be tolerated so far as the minors were concerned for whom lie stood as guardian, and on whose behalf it was his imperative duty to use every reasonable exertion to obtain for the property, the highest price that could possibly be procured. One standing in the relation of guardian will not be permitted to place himself in an attitude of hostility to the interests of his wards; nor to derive any benefit to himself at their loss; and if a purchase, by him, of the property of the wards, during the continuance of such relation, can be permitted to stand, under any circumstances, it will only be upon his showing, clearly, that he acted in the utmost good faith, that the price given was the full value, and that the transaction was for the benefit of the wards.
The decree is, therefore, unquestionably correct, and is affirmed, with costs.